## OLIVER, Curator, v. BRY AND STEPHENS.

In civil matters one must be sued before the judge having jurisdiction over the place where he has his domicil. But in matters relative to warranty, the warrantor may be brought before the court having cognizance of the principal action in which the demand in warranty arises.

One may be called in warranty in a personal action. C. P. 378, 379.

APPEAL from the District Court of the Parish of Ouachita, *Sharpe*, J.* By the court:

PRESTON, J. This suit is instituted by the curator of the succession of *Wm. T. Day*, on a note due the 28th day of September, 1840, with ten per cent interest from maturity until paid.

*Day* and one *Beasly* purchased from *McEnery* a hotel in the town of Monroe. They gave him their two notes for $3333 33½ each. The notes became the property of *L. Millaudon* of New Orleans.

*Day* having died, and a curator having been appointed to his succession, *Millaudon* applied, under articles 990, 991 and 992 of the Code of Practice, for the sale of *Day's* undivided half of the premises to meet the payment of the two notes. The property failed to produce the appraisement, when it was sold at twelve month's credit, and the defendants became the purchasers for the note on which this suit is instituted.

*Millaudon* afterwards instituted suit on the original notes of *Day* and *Beasly*, against the latter, and sold his undivided half of the property, but not for enough to pay his half of the debt.

The defendants allege in defence, that the probate sale at which they purchased was made to pay the two notes of *Day* and *Beasly*, in the hands of *Millaudon*, with vendors privilege and mortgage on the property they pur-

*This case was decided in 1851.

chased.   This was admitted, and that the price they bid was to go to *Millaudon*. They alleged further, that they had purchased from *Millaudon* his rights to the price bid by them, and to the two notes it was destined to pay.   They prayed that *Millaudon* might be made a party to the suit, and that they might be permitted to show these facts in defence.

He excepted, and it was admitted that he was a resident of New Orleans, and that he could not be sued on the supposed contract in the parish of Ouachita. The exception was sustained on the general ground, that in civil matters one must be sued before the judge having jurisdiction over the place where he has his domicil.

That is true; but in matters relative to warranty, the warrantor may be brought before the court having cognizance of the principal action in which the demand in warranty arises.   Code of Practice, art. 165, No. 4.

Now, if *Millaudon* sold the notes of *Day* and *Beasly* to the defendants, and also the fund which was to be applied to their payment. as alleged, and to be taken for granted for the purpose of the exception, he contracted an obligation to warrant the defendants against a suit for that fund, for his benefit.   And though the action is personal, might be called in warranty.   Code of Practice, arts. 378, 379.

But the great difficulty is in extending these principles to suits which are incidental to the settlement of successions, as they might complicate and protract the settlement forever.   We will overrule the exception, and allow a stay of execution until *Millaudon* establishes his right to the fund contradictorily with the defendants and other creditors of the succession, on the final tableau of distribution.

It is palpable, however, by the record, that *Millaudon* received from the defendants $1666 66 in April and June, 1841.   If received in purchase of *Day* and *Beasly's* notes, their defence is valid; if received in part payment of their own note, equity requires that it should be credited upon it, the note being substantially his property.   In either hypothesis, the defendants must enjoy the benefit of those payments.

The defendants contend, that their note should not bear ten per cent interest from maturity, because that condition is not prescribed in the *proces verbal* of the sale of the property, which they purchased at twelve month's credit.   The order of the court of probates, for the sale of the property, prescribed that condition ; the property was sold to pay a debt bearing ten per cent interest, and they gave their note for the price, with ten per cent interest until paid, if not paid at maturity.   The legal effect of the whole proceeding was to require the payment of that interest, and we have no reason to believe that they were in error, in point of fact, in expressly making their note to bear that conventional interest.

The judgment of the district court is reversed ; and it is decreed, that the plaintiff recover, with costs, from the defendants three thousand three hundred and fifty dollars, with ten per cent interest from the 28th of September, 1840, until paid, but that the same be credited with $833 33½ on the 29th of April, 1841, and the like sum of $833 33½ on the 8th of June, 1841.   Further, that the plaintiff have the privilege of vendor and right of a mortgage creditor on the property sold to the defendants, and described in the *proces verbal* of the sale of the estate of *William T. Day*, on the 28th of September, 1839, and for which the note sued upon was given, and that the said property be sold to satisfy this judgment.   But it is further ordered, that execution be delayed

until *L. Millaudon* establishes contradictorily with the defendants and the creditors of the estate of *William T. Day*, on the final tableau of distribution, his right to the benefit of this judgment. The costs of this appeal to be borne by the appellees.